■ ANITA AMANN, Respondent, v. ST. CLAIRS RESTAURANT CORP. OF N. Y., Appellant.— Judgment of the Supreme Court, New York County, entered March 4, 1971, in favor of the plaintiff-respondent, unanimously reversed, on the law and on the facts, and vacated, and a new trial granted, with costs and disbursements to abide the event, unless plaintiff within 20 days of service upon her by the defendant-appellant of a copy of the order herein, with notice of entry thereon, stipulates to accept $75,000 in lieu of the amount awarded her by verdict, in which event the judgment is modified to that extent and, as thus modified, is affirmed, without costs and without disbursements. It is our opinion that the amount awarded by the jury is excessive and that a verdict in excess of the amount indicated is not warranted on this record. Concur — McGivern, J. P., Nunez, Kupferman, Murphy and Capozzoli, JJ.

■ In the Matter of RAB REST. CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review a determination of the State Liquor Authority, dated November 16, 1970, which suspended petitioner's restaurant liquor license for a period of 5 days on one charge and 10 days on another charge, to run concurrently for a total of 10 days. Determination unanimously modified, on the law and in the exercise of discretion, to the extent of deferring the suspension therein ordered, and otherwise confirmed, without costs and without disbursements. In our opinion, upon the record before us, the imposition of an unconditional suspension was so disproportionate to the offenses committed as to constitute an abuse of discretion, and the penalty of suspension should have been deferred. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.

■ In the Matter of 260 LOUNGE, INC., et al., Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review determinations of the State Liquor Authority dated October 8, 1971, canceling the special on-premises liquor licenses issued to petitioners. Determinations unanimously modified, on the law and in the exercise of discretion, to the extent of annulling said cancellations and substituting therefor a provision that the licenses of petitioners be suspended for 30 days and in the case of petitioner 260 Lounge, Inc., that in addition there be a forfeiture of bond; and as so modified, the determinations are confirmed, without costs and without disbursements. In our opinion, upon the record before us, cancellation of petitioners' licenses was so disproportionate to the offenses committed by petitioners as to constitute an abuse of discretion, and the penalties should have been limited to the suspensions and forfeiture of bond as indicated herein. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.